UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4289

BAHRAM JARRAHI, a/k/a Bob,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                            No. 97-4311

AHMAD AMINI KARLADANI, a/k/a
Alex,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-96-194)

Submitted: April 14, 1998

Decided: May 11, 1998

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric C. Rowe, Randall W. Reavis, PATTON & BOGGS, L.L.P., Greensboro, North Carolina; Benjamin D. Porter, MORROW, ALEXANDER, TASH & LONG, Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants and four codefendants were charged in a twenty-nine count superseding indictment with conspiring from April 1996 to October 1996 to commit odometer tampering and to transport false certificates of title to vehicles in interstate commerce. Bahram Jarrahi pled guilty to one count of odometer tampering in violation of 15 U.S.C. §§ 1984, 1990c (repealed 1994),[1] 18 U.S.C. § 2 (1994) (Count 2), one count of odometer tampering in violation of 49 U.S.C. §§ 32703(2), 32709(b) (1994), 18 U.S.C. § 2 (Count 18), and one count of interstate transportation of a false certificate of title, see 18 U.S.C. § 2314 (1994), 18 U.S.C. § 2 (Count 28). Ahmad Amini Karladani pled guilty to two counts of odometer tampering, see 49 U.S.C. §§ 32703(2), 32709(b), 18 U.S.C. § 2 (Counts 9 and 10), and one count of interstate transportation of false certificates of title, see 18 U.S.C. §§ 2314, 2 (Count 23). Jarrahi and Karladani were sentenced to 26-month terms of imprisonment. They appeal their sentences, each alleging that the district court failed to make a finding concerning the scope of his agreement to undertake a joint criminal activity,

_____

[1] This offense was committed in 1993.

2

clearly erred in determining his relevant conduct, <u>see</u> USSG § 1B1.3,**2** and thus imposed an excessive sentence. We affirm.

The factual basis stipulated for both pleas established (1) that both Jarrahi and Karladani were wholesale automobile dealers who operated under a variety of business names; (2) that dealers who engage in odometer tampering frequently pay other unscrupulous dealers to buy high-mileage vehicles for them at automobile auctions so as to lengthen the chain of title and obscure their responsibility for odometer tampering; (3) that Jarrahi engaged in this practice and also arranged for other dealers to obtain titles in other states ("washed" titles) by presenting a title on which the odometer reading had been lowered; (4) that most of the vehicles Jarrahi purchased were high-mileage vehicles; (5) that Jarrahi had obtained two specific high-mileage vehicles and sold them a short time later as "rollbacks" with lowered mileage and washed titles; (6) that the majority of cars Karladani sold were rollbacks and that he had an understanding with various co-defendants to purchase cars for them or have them purchase cars for him and to have the car sold by a dealer other than the one who purchased it to lengthen the chain of title and obscure responsibility for the odometer tampering.

Odometer tampering is covered by USSG § 2N3.1. For an offense involving more than one vehicle, a cross-reference to USSG § 2F1.1 (Fraud and Deceit) applies and the offense level is determined largely by the amount of loss. In the presentence report, using information gathered during the investigation, the probation officer stated that the six defendants worked together in a loose-knit association with no leader, in which the defendants ran their own businesses but cooperated to purchase vehicles for each other.

Under USSG § 1B1.3(a)(1)(B), a defendant who engages in a jointly undertaken criminal activity is responsible for all reasonably foreseeable acts of others in furtherance of the conspiracy. If the offense is one which requires grouping of multiple counts under USSG § 3D1.2(d) (aggregate harm), as is the instant offense, the defendant is responsible for all acts of others that were part of the same common scheme or plan or same course of conduct as the

---

**2** <u>U.S. Sentencing Guidelines Manual</u> (1995).

3

offense of conviction. See USSG § 1B1.3(a)(2). However, a defendant is responsible only for conduct of others which is within the scope of his agreement. See USSG § 1B1.3, comment. (n.2). Here, to determine the amount of loss, the probation officer used information supplied by the government concerning all cars for which there was a record of purchase or sale by any one of the defendants, on the theory that the criminal activities of all the defendants were reasonably foreseeable to Jarrahi and Karladani.

The government had obtained complete records of purchases and sales for 164 cars bought and sold by the defendants. Of this group, 159 cars (97%) were rollbacks.[3] Reasoning that most of the cars bought and sold by the defendants were rollbacks, the probation officer recommended that Jarrahi and Karladani were accountable for odometer tampering on 384 cars over the two to three years of the conspiracy.[4] Estimating a loss of $6000 per vehicle, the probation officer projected a total loss of $2,304,000. Jarrahi and Karladani objected that the government had not proved a conspiracy and that their relevant conduct should include only those vehicles for which the government had conclusive proof of odometer tampering and with which they had direct involvement. The amount of loss recommended by the probation officer resulted in a sentence enhancement of twelve levels. See USSG § 2F1.1(b)(1)(M) (loss over $1,500,000).

At the sentencing hearing, Jarrahi and Karladani argued that any criminal activity on the part of their codefendants which they were not directly involved in and did not profit from was not jointly undertaken. Two investigative agents testified for the government using three charts which showed 384 cars with which one or another of the six defendants had been involved. The first showed the 164 cars known to be rollbacks. The second chart showed 109 cars purchased by one of the defendants' companies, of which 88% were high mileage cars. The third chart showed 111 cars sold by one of the

_____

[3] According to the presentence report, "rollbacks were generally in the range of 40,000 to 50,000 miles. Two [odometers] were rolled back as little as 12,000 and 14,000 miles and a number were rolled back by 80,000 miles or more."

[4] According to the presentence report, the defendants typically attended two or three sales per week and traded one or two cars per sale.

4

defendants' companies, of which 96% had normal or low mileage. Seven cars shown on the second and third charts were too old for the odometer disclosure statutes to apply. The district court determined that Jarrahi and Karladani were engaged in a joint undertaking with the other defendants and that the conduct of all the defendants involving odometer tampering was reasonably foreseeable to them. The court determined that Jarrahi and Karladani were responsible for odometer tampering on 364 vehicles.[5] The court estimated that each consumer who learned that he had purchased a "true miles unknown" vehicle would suffer a loss of approximately $4812.38. This calculation resulted in a loss of $1,751,706.30. Thus, by a slightly different calculation, the district court arrived at the same 12-level enhancement under USSG § 2F1.1 which the probation officer had recommended.

Unless the facts are undisputed, the calculation of loss is a factual question reviewed for clear error. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). Jarrahi and Karladani contend on appeal that the government failed to establish the scope of their agreements and that the district court made no determination as to the scope of their agreement to participate in odometer tampering and simply assumed that they agreed to all the criminal activity engaged in by all the defendants. However, the factual basis offered for both defendants' guilty pleas established an implicit agreement among Jarrahi, Karladani, and their codefendants to purchase cars for one another and otherwise assist one another in carrying on and concealing odometer tampering. This implicit agreement was the basis for the probation officer's sentence calculation. The district court found that the evidence presented by the government at sentencing showed a joint undertaking by all the defendants and that the conduct of all the defendants was reasonably foreseeable to each of them and properly considered as relevant conduct as to Jarrahi and Karladani. The court's finding was thus adequate to resolve the issue. Moreover, the finding was not clearly erroneous. See USSG§ 1B1.3, comment. (n.2) (district court may consider any implicit agreement fairly inferred from the conduct of the defendant and others).

_____

**5** This number is approximately 97% of 377 cars.

5

Jarrahi and Karladani also maintain that the district court clearly erred by holding them responsible for losses involving cars for which the government had not shown conclusive evidence of odometer tampering. However, in determining the amount of loss, the district court "need only make a reasonable estimate of the loss, given the available information." USSG § 2F1.1(b)(1), comment. (n.8). Neither Jarrahi nor Karladani would provide his business records to the government to assist in sentencing and neither would admit to any criminal conduct outside the counts of conviction. It was thus necessary for the district court to consider circumstantial evidence of additional wrongdoing. Given the stipulated factual basis for their guilty pleas, we find that the court did not clearly err in holding Jarrahi and Karladani responsible for cars handled by their codefendants. Consequently, the sentences were not wrongly calculated.

We therefore affirm the sentences imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED